THE PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.*
JOSÉ GARCÍA DONIS, Defendant and Appellant.

No. 5698.  Argued April 5, 1935.—Decided May 3, 1935.

*E. Díaz Santana* for appellant.  *Luis Janer, Assistant Prosecuting
Attorney,* for appellee.

MR. JUSTICE WOLF delivered the opinion of the court.

José García Donis was convicted of selling bread short
of weight.  The bread was in point of fact sold by an agent
who was also charged with complicity but acquitted on the
ground of being a mere employee.  Error is assigned in
effect because such evidence as there was of agency was
hearsay; that the agency was not proved and in general that
the evidence was not sufficient to convict.

Leandro Monje, inspector of weights and measures
stated on direct examination that he took the bread, short of
weight, from a wagon of the defendant in charge of the agent.
On cross-examination, without specification, he admitted that
his information came from the agent.  Then also without
specification the defendant moved to strike.  The district
attorney then entered into a redirect examination of the
witness and had him give details of the color of the wagon,

how the bread was wrapped and that the cover bore the name of José García Donis. Then again without specification of the particular evidence objected to, the defendant moved to strike because the witness was testifying on information received by him from another.

We think the objection should fail for want of due specification. We also agree with the fiscal that if due objection is not made hearsay evidence may be admitted and considered. *People* v. *Díaz*, 19 P.R.R. 497; *People* v. *Silva*, 17 P.R.R. 577; *Falero et al.* v. *Falero*, 15 P.R.R. 111. Always there is a discretion in the court.

Furthermore, when it is sufficiently proved that the agent is acting under instructions or in certain cases within the scope of his employment, his declaration may be admitted. *Oller* v. *State*, 123 S.W. 1116; 16 C.J. 123.

The proof of agency and of guilt in addition to the admission of the agent was that each wrapper contained the name of José García Donis.

Appellant contends that there might be another José García Donis. It is a disputable presumption from paragraph 25 of section 102 of the Law of Evidence of the identity of person from the identity of name. No rebuttal existed in the present appeal.

Under the recited circumstances, the connection of defendant was sufficiently established and the judgment should be affirmed.